IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE FAZIO MARCOVITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| LVMH MOËT HENNESSY-LOUIS | ) | |
| VUITTON SE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Dale Fazio Marcovitz ("Plaintiff"), by and through her attorneys, for her Complaint against Defendant LVMH Moët Hennessy-Louis Vuitton SE ("LVMH"), avers as follows:

## NATURE OF THE ACTION

1. This action concerns what should be a straightforward effort by Plaintiff to redeem her shares in the erstwhile Tiffany & Co. ("Tiffany") following Tiffany's acquisition by LVMH (the "Merger") pursuant to the Amended and Restated Agreement and Plan of Merger dated October 28, 2020 by and among Tiffany, LVMH, and others (the "Agreement").[1]

2. Plaintiff brings this action only after LVMH ignored her attempts to redeem her Tiffany shares in accordance with the Agreement.

3. In continuing to ignore Plaintiff, LVMH has breached its obligations under the Agreement and deprived Plaintiff of her contractual right to receive $3,287,500 in exchange for her Tiffany shares.

---

[1] A copy of the Agreement, which is publicly available on the SEC's website, is attached hereto as Exhibit A.

**THE PARTIES**

4.       Plaintiff resides in, and is a citizen of, the State of New York.

5.       Defendant LVMH is a European company organized under the laws of France and with its principal place of business in Paris, France.

**JURISDICTION, VENUE AND APPLICABLE LAW**

6.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen of a state and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.       This Court has personal jurisdiction over LVMH because it agreed to submit to personal jurisdiction in this Court pursuant to Section 10.5 of the Agreement.

8.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Section 10.5 of the Agreement designates this District as the venue for adjudication of any disputes, claims or controversies "arising out of or relating to" the Agreement or the transactions contemplated therein.

**FACTUAL BACKGROUND**

**I.       Plaintiff's Shares of Tiffany Stock and The Merger**

9.       Up to the time of the effectiveness of the Merger, Plaintiff was the undisputed owner of record of 25,000 shares of Tiffany stock, which she acquired as a result of 43 years of faithful service as a Tiffany employee.  Unfortunately, Plaintiff at some point prior to the Merger lost the relevant certificates evincing her ownership of the Tiffany shares, though she remained at all relevant times the owner of record, a fact which appears undisputed.

10.       The Merger Agreement provides for existing Tiffany shareholders to receive a cash payment of $131.50 for each share of Tiffany stock held.  Specifically, the Agreement provides that, upon the effectiveness of the Merger, the existing shares of Tiffany stock would be

"automatically converted into the right to receive the Per Share Merger Consideration" of $131.50

per share in cash (the "Per Share Merger Consideration"), with the former shares of Tiffany being

otherwise cancelled and ceasing to exist at that time.  *See* Agreement § 4.1(a).

11.        Accordingly, upon the effectiveness of the Merger, Plaintiff's 25,000 shares of

Tiffany were converted into the right to receive $131.50 per share, or a total of $3,287,500.

## II.        The Procedure for Redeeming Tiffany Shares

12.        Section 4.2 of the Agreement sets forth procedures for the Tiffany shareholders to

receive the $131.50 Per Share Merger Consideration from LVMH, including for shareholders like

Plaintiff who had lost or were unable to access their share certificates.

13.        Section 4.2(a) of the Agreement provided for LVMH to designate a bank as the

"Paying Agent" to facilitate the payment of the Per Share Merger Consideration, and for LVMH

to deposit with the Paying Agent all funds necessary to pay the Per Share Merger Consideration

to Tiffany's existing stockholders.

14.        In accordance with Section 4.2(a) of the Agreement, LVMH designated Citibank,

N.A. ("Citibank") as Paying Agent pursuant to a Paying Agent Agreement dated as of December

30, 2020 between LVMH and Citibank.

15.        Section 4.2(c) of the Agreement provides that, in order to receive their Per Share

Merger Consideration, the shareholders of Tiffany must present their share certificates to the

Paying Agent, either by physically surrendering them or, if they no longer had their share

certificates, by following the procedures of Section 4.2(f) as described below.

16.        The Agreement allows Tiffany shareholders (like Plaintiff) with lost or inaccessible

share certificates to redeem their shares.  Namely, Section 4.2(f) of the Agreement provides that

such shareholders shall (1) submit an affidavit regarding the loss of their shares and (2) if required

by LVMH and/or the Paying Agent, to post a bond of indemnity with respect to any claim which

may be made in connection with the lost share certificates:

> (f) <u>Lost, Stolen or Destroyed Certificates</u>. In the event any Certificate shall have been lost, stolen or destroyed, upon the making of an affidavit, in a form and substance reasonably acceptable to Parent, of that fact by the Person claiming such Certificate to be lost, stolen or destroyed and, if required by Parent or the Paying Agent, the posting by such Person of a bond in customary amount and upon such terms as may be reasonably required by Parent or the Paying Agent as indemnity against any claim that may be made against it or the Surviving Corporation with respect to such lost, stolen or destroyed Certificate, the Paying Agent shall, in exchange for such Certificate, issue a check in the amount (after giving effect to any required Tax withholdings as provided in <u>Section 4.2(g)</u>) equal to the product obtained by *multiplying* (i) the number of Eligible Shares represented by such lost, stolen or destroyed Certificate by (ii) the Per Share Merger Consideration.

### III.    LVMH Ignores Plaintiff's Attempts to Redeem Her Shares

17.     In accordance with Section 4.2(f), Plaintiff has submitted an affidavit averring that

her share certificates have been lost.  Plaintiff has also obtained a form of indemnity bond from

Tokio Marine (the "Bond"), which it has presented to Citibank (as Paying Agent) for approval.

However, Plaintiff has failed to receive confirmation on whether the proffered Bond will satisfy

the requirements of Section 4.2(f) for redemption of her shares (Plaintiff believes that it should).

18.     After months of attempting to confirm with Citibank whether or not the Bond was

acceptable under Section 4.2(f), on June 5, 2024, Plaintiff (through counsel) submitted a letter to

LVMH (with Citibank copied), seeking confirmation from LVMH that the Bond was acceptable

under Section 4.2(f) of the Agreement.  A copy of Plaintiff's June 5, 2024 letter is attached as

<u>Exhibit B</u> hereto.

19.     While Plaintiff sought a response from LVMH within ten days of the June 5, 2024

correspondence, Plaintiff has yet to receive any response from LVMH.

20.     However, Plaintiff did receive a response from Citibank on June 19, 2024 (attached as Exhibit C).  Citibank blamed LVMH:   According to Citibank, "the decision regarding the acceptability of the Bond cannot be made unilaterally by Citibank.  LMVH must agree to accept the Bond in order for the share redemption to go forward."

21.     Citibank's response further stated that Citibank had made "repeated efforts to obtain a response from LVMH regarding the acceptability of the Bond," but had yet to receive a response from LVMH.

22.     Plaintiff brings this lawsuit as a last resort following LVMH's continued failure even to respond to her inquiries (or to Citibank's inquiries) regarding the acceptability of the Bond.

23.     As a result of LVMH's continued and inexcusable failure to respond to either Plaintiff or Citibank, Plaintiff has been denied her right to the Per Share Merger Consideration under the Agreement, suffering injury in an amount not less than $3,287,500.

## CAUSES OF ACTION

### COUNT I
**(Breach of Contract)**

24.     Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth in this paragraph.

25.     The Agreement is a valid, legally enforceable written agreement.

26.     Plaintiff, as a shareholder of Tiffany at the time of the Agreement, is an express third-party beneficiary under the Agreement (including pursuant to Section 10.7 of the Agreement), and she is entitled to receive the Per Share Merger Consideration as set forth in the Agreement.

27.     Under the Agreement, LVMH and Citibank, as the Paying Agent, are obligated to redeem Tiffany shares for which the share certificates are lost or missing in exchange for the Per

Share Merger Consideration, provided the conditions of Section 4.2(f) of the Agreement are met.

28.     Plaintiff has substantially performed her obligations pursuant to Section 4.2(f) of the Agreement in order to receive the Per Share Merger Consideration.

29.     By failing to permit Plaintiff to redeem her shares (or even respond to Plaintiff's and Citibank's inquiries regarding the same), LVMH has breached its obligations under the Agreement and unlawfully deprived Plaintiff of her entitlement to the Per Share Merger Consideration.

30.     As a direct and proximate result of LVMH's breach, Plaintiff has suffered and continues to suffer significant damages in an amount not less than the aggregate Per Share Merger Consideration for her Tiffany stock ($3,287,500) plus interest thereon.

**COUNT II**
**(In the Alternative, Breach of Contract - Specific Performance)**

31.     Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth in this paragraph.

32.     The Agreement is a valid, legally enforceable written agreement.

33.     Plaintiff, as a shareholder of Tiffany at the time of the Agreement, is an express third-party beneficiary under the Agreement (including pursuant to Section 10.7 of the Agreement), and she is entitled to receive the Per Share Merger Consideration as set forth in the Agreement.

34.     Under the Agreement, LVMH and Citibank, as the Paying Agent, are obligated to redeem Tiffany shares for which the share certificates are lost or missing in exchange for the Per Share Merger Consideration, provided the conditions of Section 4.2(f) of the Agreement are met.

6

35.     Plaintiff has substantially performed her obligations pursuant to Section 4.2(f) of the Agreement in order to receive the Per Share Merger Consideration

36.     By failing to permit Plaintiff to redeem her shares (or even respond to Plaintiff's and Citibank's inquiries regarding the same), LVMH has breached its obligations under the Agreement and unlawfully deprived Plaintiff of her entitlement to the Per Share Merger Consideration.

37.     Among other things, in Section 10.6 of the Agreement, LVMH "acknowledge[d] and agree[d] that irreparable harm would occur in the event that the provisions of this Agreement are not performed in accordance with their specific terms or are otherwise breached or threatened to be breached and for which money damages would not be an adequate remedy."

38.     Plaintiff is entitled to specific performance under the Agreement with respect to the redemption of her shares pursuant to, *inter alia*, Section 4.2(f) of the Agreement.  Specifically, Plaintiff seeks an Order from the Court directing LVMH to redeem Plaintiff's 25,000 shares of Tiffany stock in exchange for aggregate Per Share Merger Consideration of $3,287,500, and further directing that LVMH shall instruct Citibank to honor Plaintiff's redemption request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against LVMH as follows:

A. Awarding damages to Plaintiff in an amount to be determined at trial, but not less than $3,287,500, for losses sustained as a result of LVMH's breach of Section 4.2 of the Agreement, plus pre- and post-judgment interest thereon;

B. Awarding injunctive relief in favor of Plaintiff directing that LVMH redeem Plaintiff's 25,000 shares of Tiffany stock in exchange for aggregate Per Share

Merger Consideration of $3,287,500, and further directing that LVMH shall instruct Citibank to honor Plaintiff's redemption request; and

C.  Awarding such other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNEL LLP


OF COUNSEL:

Michael T. Sullivan, Esq. (*pro hac vice application forthcoming*)
Christopher K. Shields, Esq. (*pro hac vice application forthcoming*)
SULLIVAN & WORCESTER LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 660-3000
msullivan@sullivanlaw.com
cshields@sullivanlaw.com

July 15, 2024

*/s/ Elizabeth A. Mullin Stoffer*
Elizabeth A. Mullin Stoffer (#6380)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
emullin@morrisnichols.com
   *Attorneys for Plaintiff*
   *Dale Fazio Marcovitz*